|  UNITED STATES DISTRICT COURT  |  |
|---|---|
|  DISTRICT OF PUERTO RICO  |  |
| JUAN M. CRUZADO-LAUREANO, et al., | |
| Plaintiffs, | Civil No. 06-1472 (JAF) |
| v. | |
| COMMONWEALTH OF PUERTO RICO, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiffs, Juan M. Cruzado-Laureano, Domingo Cruzado-Matos, and Olga Cruzado-Laureano, bring this action for malicious prosecution, conspiracy to commit malicious prosecution, "and other illegal and unconstitutional policies and actions" under 42 U.S.C. § 1983 (2006) and Puerto Rico laws, 31 L.P.R.A. § 5141 (2004) ("Article 1802") and 31 L.P.R.A. § 5142 (2004) ("Article 1803") against Defendants Commonwealth of Puerto Rico, former governor Sila María Calderón, former Attorney General Annabelle Rodríguez, Task Force Agent Carlos Vázquez, former U.S. Attorney Guillermo Gil-Bonar, former assistant U.S. Attorney Rebecca Kellogg De Jesús, Special Independent Prosecutor Ivette Aponte-Nogueras, and Félix Fumero and José J. Hernández, occupations unknown. Docket Document No. 5. Defendants Gil-Bonar, Kellogg, and Vázquez move to dismiss under Rules 12(b)(1), (b)(2), (b)(5), and (b)(6) of the Federal

Rules of Civil Procedure.[1]  Docket Document No. 22. Defendants Commonwealth of Puerto Rico, Calderón, Fumero, Aponte-Nogueras, and Rodríguez move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docket Document No. 23. Plaintiffs oppose both motions. Docket Document Nos. 27, 34.

## I.

## Factual and Procedural History

We derive the facts from Plaintiffs' amended complaint. Docket Document No. 5. As we must, we "assume all plaintiffs' allegations are true and make all reasonable inferences in favor of the plaintiffs." Alternative Energy, Inc. v. St. Paul Fire and Marine Ins., Co., 267 F.3d 30, 36 (1st Cir. 2001).

On June 7, 2002, Plaintiff Juan M. Cruzado-Laureano ("Cruzado") was convicted of embezzlement, extortion, theft, money laundering, and witness tampering in federal court. United States v. Cruzado-Laureano, Crim. No. 01-690, Docket Document No. 89. On November 13, 2002, Cruzado received concurrent sentences of sixty-three months on eleven counts. United States v. Cruzado-Laureano, Crim. No. 01-690, Docket Document No. 110. Cruzado unsuccessfully appealed these convictions. United States v. Cruzado-Laureano, 440 F.3d 44 (1st Cir. 2006); United States v. Cruzado-Laureano, 404

---

[1] The United States also joined this motion to dismiss, despite the fact that Plaintiffs removed them as a defendant in their amended complaint of July 11, 2006.

F.3d 470 (1st Cir. 2005); United States v. Cruzado-Laureano, No. CR-01-690, 2006 U.S. Dist. LEXIS 18415, at *1 (D.P.R. April 7, 2006).

After Cruzado's federal convictions, in or around August 2003, Cruzado faced charges in Puerto Rico Commonwealth court for several felony violations of the Puerto Rico Penal Code. The subsequent trial resulted in Cruzado's acquittal and discharge in May 2005. On May 15, 2006, Plaintiffs brought the present action, alleging malicious prosecution and conspiracy to commit malicious prosecution, based on their allegation that Defendant Prosecutor Aponte-Nogueras knew or should have known that the charges against Cruzado were frivolous or, alternatively, that Defendants duplicated charges brought in federal court with the sole purpose of increasing Cruzado's punishment or exposing him to hardship resulting from the defense of two separate cases. Docket Document No. 1. Plaintiffs filed an amended complaint on July 11, 2006. Docket Document No. 5.

On September 29, 2006, Defendants Gil-Bonar, Kellogg, and Vázquez moved to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1),(b)(2),(b)(5) and (b)(6). Defendants argue that the complaint should be dismissed due to: (1) improper service; (2) lack of subject matter jurisdiction based on Plaintiffs' failure to exhaust administrative remedies as required by the Federal Tort Claims Act ("FTCA"); (3) lack of

Civil No. 06-1472 (JAF)                                                    -4-

jurisdiction over suits against federal agencies and their employees; and, alternatively, (4) failure to state a claim under 42 U.S.C. § 1983. Plaintiffs opposed the motion on December 5, 2006. Docket Document No. 34.

On October 16, 2006, Defendants Commonwealth of Puerto Rico, Calderón, Fumero, Aponte-Nogueras, and Rodríguez filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for the following reasons: (1) the statute of limitations bars the suit; (2) failure to state a claim under 42 U.S.C. § 1983; (3) the Eleventh Amendment bars claims for monetary damages against defendants; (4) qualified immunity; (5) failure to state a claim of conspiracy; (6) lack of respondeat superior liability under § 1983; and (7) dismissal of the supplemental jurisdiction claims would be appropriate. Docket Document No. 23. Plaintiffs opposed this motion on November 20, 2006. Docket Document No. 27.

**II.**

**Motion to Dismiss Standard Under Rule 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against him, based solely on the pleadings, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in

favor of the [nonmovant]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993); see also Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). We then determine whether the plaintiff has stated a claim under which relief can be granted.

We note that a plaintiff must only satisfy the simple pleading requirements of Federal Rule of Civil Procedure 8(a) to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002); Morales-Villalobos v. Garcia-Llorens, 316 F.3d 51, 52-53 (1st Cir. 2003); DM Research, Inc. v. College of Am. Pathologists, 170 F.3d 53, 55-56 (1st Cir. 1999). A plaintiff need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and need only give the respondent fair notice of the nature of the claim and petitioner's basis for it. Swierkiewicz, 534 U.S. at 512-515. "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**III.**

**Analysis**

Civil No. 06-1472 (JAF)                                                      -6-

Because we find that Plaintiffs have failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983, we do not address the merits of Defendants' other arguments.

In the First Circuit, malicious prosecution may serve as the basis for a § 1983 claim only if the plaintiff alleges a deprivation or injury of constitutional magnitude. <u>Torres v. Superintendent of Police</u>, 893 F.2d 404, 409 (1st Cir. 1990). The burden is on the plaintiff to identify the specific constitutional right infringed. <u>Nieves v. McSweeney</u>, 241 F.3d 46, 54 (1st Cir. 2001). Here, Plaintiffs have failed to specify a constitutional violation that serves as the basis for their § 1983 claim. For the purposes of this order, however, we will assume that Plaintiffs base their complaint on an alleged violation of either Cruzado's procedural due process or Fourth Amendment rights.[2]

To analyze a malicious prosecution claim, federal law borrows the elements from the relevant common law tort actionable under state law. <u>Torres</u>, 893 F.2d at 409. In Puerto Rico, a plaintiff bringing a malicious prosecution case must allege the following four elements: (1) the defendants initiated or instigated a criminal action; (2) the criminal action terminated in the plaintiff's favor; (3) the defendants acted with malice and without probable

---

[2] The First Circuit has decided that substantive due process cannot provide the constitutional basis for a federal malicious prosecution claim. <u>Nieves</u>, 241 F.3d at 53-54.

cause; and (4) the plaintiff suffered damages. Rucci v. United States INS, 405 F.3d 45, 49 (1st Cir. 2005).

The third element, requiring that the state officials acted without probable cause to prosecute the plaintiff, cannot be met if a second prosecution based on the same facts results in a conviction. Rodriguez-Mateo v. Fuentes-Agostini, No. 02-1662, 2003 U.S. App. LEXIS 10762, at **5 (1st Cir. May 28, 2003) (finding appellant's malicious prosecution claim defective because investigations based on facts similar to the ones at issue resulted in convictions). We take judicial notice of the fact that Cruzado was convicted for embezzlement, extortion, theft, money laundering, and witness tampering in federal court. Cruzado-Laureano, 440 F.3d 44; Cruzado-Laureano, 404 F.3d 470; Cruzado-Laureano, No. CR-01-690, 2006 U.S. Dist. LEXIS 18415, at *1 (D.P.R. April 7, 2006).

Plaintiffs have not detailed the charges brought by Defendants against Cruzado, referring to them only vaguely as "felonies." Docket Document No. 5. Plaintiffs have, however, implied that the Commonwealth and federal charges were similar enough that Defendants could have brought the Commonwealth charges together with the federal ones, but chose not to do so simply to aggravate Cruzado's woes. Id. We, therefore, find that Defendants had probable cause to bring charges based on the same or similar underlying facts. Because Plaintiffs cannot meet the third element of a malicious prosecution claim, we need not reach the remaining

Civil No. 06-1472 (JAF)                                              -8-

elements, and find that Plaintiffs failed to state a claim under § 1983.

## IV.

## Conclusion

In accordance with the foregoing, we **GRANT** Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim against all Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of January, 2007.

```
                    S/José Antonio Fusté
                    JOSE ANTONIO FUSTE
                    Chief U.S. District Judge
```